## DANTE *v.* HUTCHINS.

EQUITY; DECEDENT'S ESTATES.

This appeal is governed by the decision of the court in *Dante* v. *Miniggio, ante,* 162.

No. 2987.   Submitted February 5, 1917.   Decided February 19, 1917.

HEARING on an appeal by a trustee from an order of the Supreme Court of the District of Columbia, sitting as an equity court, directing him to pay a claim against the trust estate.

*Reversed.*

The Court in the opinion stated the facts as follows:

The original bill in this case was filed by R. W. & J. B. Henderson, Inc., against Rose Keeling Hutchins to enforce a mechanics' lien for certain work done in repairing premises belonging to defendant in the city of Washington. The amount claimed is $720.75.

The defendant answered, denying any request of plaintiff by her to perform work or labor for her personally or on her account and that she personally promised to pay for any work that was done upon her premises. She further says that in 1911, and for many years prior thereto, the said premises were the domicil of the late Stilson Hutchins, who was a man of large means; that as the wife of said Stilson Hutchins, and acting solely as his wife and agent, and in relation to the necessaries for his household, for which he alone was liable, a running account with the plaintiff was opened and granted solely upon the credit of said Stilson Hutchins, which account covered a great many items relating to Stilson Hutchins' household, including the items embraced in this suit, as is shown by an itemized bill of the plaintiff. She further says that at the time the work

referred to was done by the plaintiff it had no account on its books, and never has had any in the name of Rose Keeling Hutchins, nor was it requested by defendant to give her credit in relation to her sole and separate estate, nor did it intend at the time the bill was contracted to look to her individually, or to any property that she might have, for the payment of said work, but said work was done solely on the credit of Stilson Hutchins, deceased.

She admits that she is the owner of the premises, but denies that the same are subject to a lien, and denies that she, acting in her own capacity or in her own behalf, in any way or manner ever made any agreement in relation to said work.

She further says that on the 30th day of April, 1911, plaintiff probated this claim as a claim against the estate of Stilson Hutchins, and in prosecuting it as such filed a petition in the probate court on the 12th day of June, 1914, asking that the collector of said estate be ordered to pay the said claim, or that it be authorized by the probate court to sue the collector of said estate in an action at law to recover the amount of said claim, and the probate court authorized such suit against the estate of Stilson Hutchins, and such suit was brought by plaintiff, which alleged in its declaration that the claim sought to be recovered was in fact an obligation of the estate of Stilson Hutchins, and by reason of that fact the plaintiff is estopped from further prosecuting the claim set forth in this bill against her, and also avers that the plaintiff is guilty of laches.

This suit was consolidated with that of Dante against Hutchins and others, the subject of which was the administration of the trust estate. The auditor reported therein October 5, 1915, that this claim of Henderson Company had been referred to him. His report recites that a mechanics' lien was filed against the real property of Mrs. Hutchins for $691.75, and that as to the other portion of the claim, for repairs to furniture, amounting to $148.65, suit had been entered against Mrs. Hutchins in the municipal court. The entire claim, amounting to $840.40, was proven in the probate court against the estate of Mr. Hutchins. Both of these claims fall within the classes presented

in the former reference and reported on favorably by the auditor for reasons given in his report of January 12, 1912.

Dante filed exceptions to the auditor's report allowing the claim of Henderson Company as a proper charge against Stilson Hutchins or the estate of Stilson Hutchins, held by said Dante as trustee, and upon other grounds.

December 3, 1915, Rose Keeling Hutchins was permitted to intervene in the matter of the claim of R. W. & J. B. Henderson, Inc., against the estate of Stilson Hutchins, in which she reiterated the averments of her former answer, that the articles furnished and work done were for the use and benefit of the household of Stilson Hutchins, for which he was personally responsible, and the credit was given to him alone, and she prays that the trustee may be directed to pay the said claim.

This was answered by Dante, and on February 29, 1916, the court entered a decree against Rose Keeling Hutchins and the surety on her undertaking, which had been filed to release the lien sought to be enforced by the bill, for the sum of $720.75, with interest from November 9, 1911. It further decreed that the exceptions of William J. Dante, trustee, to the report of the auditor allowing the claim of R. W. & J. B. Henderson, Inc., for $840.40 against the estate of Stilson Hutchins, deceased, be overruled, and the report of the auditor is hereby confirmed, and a decree is granted to said R. W. & J. B. Henderson, Inc., against the said William J. Dante, trustee, in the sum of $840.40, with interest at 6 per cent from the 9th day of November, 1911, which sum the said William J. Dante, trustee, is authorized and directed to pay. It is further ordered, adjudged, and decreed that the said Rose Keeling Hutchins be, and she is hereby, subrogated to the rights of the said R. W. & J. B. Henderson, Inc., against the said William J. Dante, trustee, for any money she may pay, or which may be paid for her, under the decree in equity No. 31,408. And it is further ordered that both causes shall be held open for such further proceedings as may be proper in the matter of said claim of R. W. & J. B. Henderson, Inc., and the subrogation of Rose Keeling Hutchins.

From this decree Dante has appealed.

*Mr. George E. Sullivan* for the appellant.

*Mr. J. C. Gittings* and *Mr. F. H. Stephens* for appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

It was beyond the power of the court to render this decree against Dante as trustee for Stilson Hutchins, deceased, for the reasons given in No. 2986, *Dante* v. *Miniggio, ante,* 162.

The decree is reversed with costs, and the cause remanded for such further proceedings as may be necessary as against other parties to the suit.                        *Reversed.*